**Theresa A. VARNEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3123.

United States Court of Appeals, Federal Circuit.

Oct. 12, 2004.

Before NEWMAN, LINN, and PROST, Circuit Judges.

PER CURIAM.

The petitioner, Theresa Varney, asks this court to review the Merit System Protection Board's ("the Board") final decision denying the appeal of her termination as a Tax Examiner Clerk within the Internal Revenue Service ("IRS"). *Varney v. Dep't of Treasury*, No. SF315H030176–I–1, 95 M.S.P.R. 297 (Oct. 23, 2003). We *affirm*.

## BACKGROUND

On January 7, 2002, Ms. Varney was appointed on a probationary basis to the position of Tax Examiner Clerk (Seasonal), GS–04, within the IRS. Ms. Varney's appointment was subject to the successful completion of a one-year probationary period.

In June 2002, after discovering that Ms. Varney had not filed an income tax return for the 2000 calendar year, the IRS informed Ms. Varney that she was required by agency policy to comply with income tax law or face termination. The IRS allowed Ms. Varney 30 days to offer proof that she had filed a tax return for the 2000 calendar year or to give evidence that she was not required to file a tax return for that year. Because of Ms. Varney's failure to file a timely response showing that she had filed a tax return or, alternatively, that she was not required to file a tax return for the year 2000, the IRS notified her that she would be terminated as of December 18, 2002.

In response to the IRS's action, Ms. Varney appealed her termination to the Board. Her appeal focused on the alleged inequity behind the IRS's termination. She also made a vague allegation in her appeal that she had made a disclosure covered by the Whistleblower Protection Act. At no time in her appeal did she make any allegation that she was fired because of her marital status or for partisan political reasons.

The administrative judge's initial decision dismissed Ms. Varney's appeal of her termination for lack of jurisdiction. *Varney v. Dep't of Treasury*, No. SF315H030176–I–1 at 4 (Feb. 6, 2003). Ms. Varney then petitioned for review by the full Board. The Board denied her petition for review, and the administrative judge's initial decision became the final decision of the Board. Ms. Varney now appeals that final decision to this court. We have jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(9) (2004).

## DISCUSSION

This court must affirm a final decision of the Board unless we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7703(c) (2000). All findings of fact are reviewed by this court for substantial evidence. *Id.*

A probationary employee may appeal his or her termination by an agency on only two grounds—either because "he or she alleges [discrimination] based on partisan political reasons or marital status" or because his or her "termination was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]." 5 C.F.R. § 315.806 (2004).

Disclosures under the Whistleblower Protection Act need to first be brought for corrective action to the Special Counsel before being brought to the Board. 5 U.S.C. § 1214(a)(3) (2004).

At no time did Ms. Varney, a probationary employee of the IRS, allege that she was the victim of discrimination based on her marital status or that she was terminated for partisan political reasons. She also never asserted that the IRS violated the procedural requirements of 5 C.F.R. § 315.805. Thus, in challenging the IRS's decision to terminate her, she failed to plead the only two grounds that would have given the Board jurisdiction over her case. The administrative judge was therefore correct in finding that the Board lacked jurisdiction to hear Ms. Varney's appeal of her termination.

Furthermore, in regards to her alleged disclosures under the Whistleblower Protection Act, Ms. Varney conceded before the administrative judge that she did not first raise her claim before the Special Counsel as she was required to do under 5 U.S.C. § 1214(a)(3). Thus, she could not have properly alleged a Whistleblower Protection Act claim before the Board. Accordingly, the administrative judge was also correct in determining that Ms. Varney had failed to establish her right to appeal her Whistleblower Protection Act claim to the Board.

In her petition for review of the administrative judge's initial decision, Ms. Varney offered no new or previously unavailable evidence for the Board's consideration. None of the crucial facts in this case are in dispute and all are supported by substantial evidence. Because we find that the Board did not act in a manner that was arbitrary, capricious or otherwise not in accordance with law, we affirm.